FILED
APR 06 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Kirk Schultz,                              )
                                           )
        Plaintiff,                         )
                                           )
    v.                                     )   Civil Action No. 18-184 (UNA)
                                           )
Health and Human Services *et al.*,        )
                                           )
        Defendants.                        )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions

. . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

In the instant complaint, plaintiff lists various defendants, including several United States entities, whom he purports to sue under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, certain federal civil rights laws, and District of Columbia law. *See* Compl. at 11-12 and Counts One through Six. What is missing from the complaint is any cogent statement of facts. Regardless, the United States defendants are immune at least in part because "[t]he United States has not waived sovereign immunity for claims brought under the RICO Act." *Klayman v. Obama*, 125 F. Supp. 3d 67, 79 (D.D.C. 2015) (citing cases). Accordingly, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

DATE: April 6, 2018

United States District Judge